JOHN B. MAYENBORG, Appellant, *v.* STEPHEN HAYNES, Respondent.

The declaration of A. to B., not made with the purpose or belief that it would be communicated to C. or would influence his action, constitutes no estoppel upon A., although C. afterwards hears of it and acts upon it.

(Argued November 15, 1872; decided November 19, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict in the City Court of Brooklyn and granting a new trial.

The action was upon a promissory note made by defendant.

The defence was that it was an accommodation note and was received by plaintiff after maturity. The note was made for the accommodation of one Hopke, who transferred it to one Kugeler as security for an antecedent debt. The latter transferred it to plaintiff after maturity. Kugeler testified that when the note became due he presented it to defendant for payment, who replied in substance that he would see about it in two or three days. This conversation was related to plaintiff when he purchased the note, and the latter testified that he supposes he would not have taken the note if this had not been stated to him. The court below charged that if defendant promised to pay the note, and that fact was communicated to plaintiff and he took the note upon the strength of the communication, believing it to be true, it would constitute an estoppel. Defendant's counsel excepted to that portion of the charge, " that if the plaintiff made any advances on the faith of the representations made to him at the time he took the note, then, I think, it would constitute estoppel." The appellant's counsel claimed that this was not a sufficient exception to the charge. *Held*, that the exception brought to the attention of the court the matter complained of and was sufficient, that the declaration of defendant to Kugeler constituted no estoppel and the charge was error.

*J. T. Marean* for the appellant.

*Samuel Hand* for the respondent.

FOLGER, J., reads opinion for affirmance.
All concur.
Judgment affirmed.