MARY MAGUIRE, as Adminstratrix, etc., Respondent, *v.* GEORGE SELDEN, Appellant.

*Court of Appeals, October 5, 1886.*

Affirming 34 Hun, 631, Mem.

*Estoppel.*—Statements made to a third person, and not to the defendant, nor to be communicated to him, nor intended to influence his conduct, however understood, cannot be extended beyond the party to the transaction in relation to which they were made, nor operate as an estoppel in favor of the defendant.

Action brought to foreclose a mortgage.

Appeal from the general term of the supreme court, affirming a judgment of the special term in favor of the plaintiff.

*Estes & Barnard*, for appellant.

*Charles J. Patterson*, for respondent.

DANFORTH, J.—The execution and validity of the bond and mortgage were admitted, and the first question upon the trial was, whether the sum secured by it had been paid. That was determined against the defendant by the trial judge, and his decision is not now controverted. It appeared, however, that the defendant, with intent to have it applied upon the mortgage, delivered money sufficient to make the payment to one Evans, under the belief that he was agent for the plaintiff and authorized to receive it; and the prin-

·cipal point now made is, that the evidence required the judge to find from the words and conduct of the plaintiff, that she induced the belief on which the defendant acted, and so was estopped from denying that the payment to Evans was as to the defendant sufficient to discharge the debt. This, too, was a question of fact to be determined by the trial judge, and upon it he found against the defendant.

The general term were of opinion that his conclusion was justified by the case made, and we think the testimony permits no other result. The mortgage was executed in May, 1875, to mature on the 30th of August, 1876, with interest, payable semi-annually ; the ·plaintiff as administratrix, became its owner in July, 1876, the defendant resided in Pennsylvania, and before October 28, 1881, bought the premises of one Lyons, subject to the mortgage ; Mykoff brothers were the agents of Lyons, in the fall of 1881, and at his request one of that firm called upon Mrs. Maguire to see if she wanted the principal. " She said she didn't want the principal, she wanted the interest." " I asked her," he says, " if she held the mortgage ; she said she did ; then I asked her again about the principal, and she replied she didn't know much about that, also that she didn't know much about the papers, as Mr. Evans had charge of them."

Asked by defendants' counsel : " When you asked her whether she wanted the principal or not did she say anything about seeing Evans then, or whether she had got to see him ? He said, " Yes, sir ; I stated that she said Evans had charge of matters in regard to receiving and collecting interest always. In the former part of my statement, I said that she said she didn't want the principal, she wanted the interest. I remember that she said she would have to see Evans about it."

Lyons testified, in substance, that while his wife owned the property, he had a general conversation with the plaintiff, in which she said Evans was her agent, and had her papers and would act for her. These alleged conversations are denied by Mrs. Maguire.

It is quite immaterial to inquire who of these witnesses should be credited.

The trial judge has found that Evans was not in fact the agent of the plaintiff for the purpose of receiving the principal of the mortgage; that he did not have the bond and mortgage, and that the defendants were not misled to the contrary, by anything the plaintiff said or did. But however the plaintiff's statements, as testified to by the defendants' witnesses, are interpreted, they cannot help his case. They were not made to the defendant, nor were they made to be communicated to him. It so happened that Mykoff afterward was employed by the defendants. That was an accidental circumstance, not anticipated by the plaintiff, and not sufficient to give the character of an estoppel to her statements, in favor of the defendants. They were not intended to influence his conduct, and however understood, could not be extended beyond the party to the transaction in relation to which they were made. Mayenborg *v.* Haynes, 50 N. Y. 675. They were competent as evidence, but could have no greater effect. Some exceptions have been argued, but they seem to us without merit.

The judgment should be affirmed.

All concur, except MILLER, J., absent.