BANK OF BATAVIA, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

Where a principal has clothed an agent with power to do an act in case of the existence of some extrinsic fact, necessarily and peculiarly within the knowledge of the agent, and of the existence of which the act of executing the power is itself a representation, the principal is estopped from denying the existence of the fact to the prejudice of a third person who has dealt with the agent in good faith in reliance upon the representation.

This rule applies as well where a corporation as where an individual is the principal.

While bills of lading are not negotiable in the sense applicable to commercial paper, they are transferable and carry with them the ownership, either general or special, of the property described; the carrier, unless he has limited his liability by stamping his bills as "not negotiable," is bound to know that their office and effect is not limited to the person to whom they are first and directly issued, to recognize the validity of transfers, and to deliver the property only on the production and cancellation of the bills.

A carrier corporation, therefore, is liable upon a bill of lading issued in its name by an agent having authority to issue bills on receipt of property for transportation to one who, upon transfer by the shipper upon the faith of the bill has, in good faith, discounted a draft drawn upon the consignee, although no property was in fact delivered.

No privity is necessary in such a case to make the estoppel available, other than that which flows from the wrongful act of the agent and the consequent injury.

One of defendant's local freight agents, having authority to receive and forward freight and to give bills of lading, specifying the terms of shipment, but having no right to issue such a bill except upon actual receipt of the property for transportation, issued bills of lading purporting to be for sixty-five barrels of beans to one W., describing them as received to be forwarded to C., as consignee, but adding, with reference to the packages, "contents unknown." W., drew a draft on the consignee which plaintiff discounted on the faith of and on transfer of the bills of lading. No barrels of beans were, in fact, shipped by W., or delivered to defendant, but the bills were issued in pursuance of a conspiracy between the agent and W. to defraud. Payment of the draft was refused. In an action upon the bills of lading, *held*, that defendant was liable; and that the recital in the bills that the contents of the packages were unknown was no defense.

Where actual shipment has been made the presumption is that the property delivered corresponds with that described in the bill of lading, and where a bill is issued without the delivery of the property the carrier cannot defend against the wrong by presuming if it had not occurred another would have taken its place.

(Argued May 12, 1887; decided June 7, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department in favor of plaintiff, entered upon an order made October 31, 1884, which denied a motion for a new trial and ordered judgment on a verdict directed by the court. (Reported below 33 Hun, 589.)

This action was brought to recover damages alleged to have been sustained by plaintiff in consequence of the wrongful issue by defendant, through its local freight agent at Batavia, of two bills of lading. The recital in one was as follows : " Received from F. C. Williams the following articles (con tents unknown) in apparent good order, viz., thirty-five barrels of beans." The recital in the other was the same, save that the articles described were " thirty barrels of beans." The consignee named was " I. T. Comstock, New York."

The material facts are stated in the opinion.

*E. C. Sprague* for appellant. A shipping receipt, like those in question, from which the words " or order or assigns " are omitted, is not a negotiable instrument within the meaning of the law merchant. (Hutchinson on Carriers, § 122; Daniels on Neg. Insts., §§ 1729, 1730, 1733; 1 Smith's Lead. Cases, 859, 896; *Barnard* v. *Campbell*, 55 N. Y. 461; *Brower* v. *Peabody*, 13 id. 121; *Henderson* v. *The Comptoir, etc.*, L. R., 5 P. C. 253; 10 Alb. L. J. 104; *Mechanics' B'k* v. *N. Y. & N. H. R. R. Co.*, 3 Kern. 599, 629; *Griswold* v. *Haven*, 25 N. Y. 602, 604; *Dows* v. *Perrin*, 16 N. Y. 325; *Commercial B'k* v. *Colt*, 15 Barb. 506; *Bush* v. *Lathrop*, 22 N. Y. 535; *Davis* v. *Beekstein*, 69 id. 442; *Trustees Union College* v. *Wheeler*, 61 id. 88; *Elliott* v. *Armstrong*, 2 Blackf. 212; *Hazard* v. *Fiske*, 83 N. Y. 287; *Wilcox* v. *Howell*, 44 id. 298, 402; *The Idaho*, 93 U. S. 575; *Shaw* v. *R. R. Co.*, 101

N. Y. 557, 565.) Weiss, the shipping agent, had neither real nor apparent authority to issue receipts for goods not received for transportation, and the defendant is not estopped to deny that he had such authority. (*Robinson* v. *R. R. Co.*, 9 Fed. Rep. 129, 137; *Western B'k, Scotland,* v. *Addis,* L. R., 1 S. C. App. 146; *Mechanics' B'k* v. *N. Y. & N. H. R. R. Co.,* 3 Kern. 635.) The defendant is not estopped to deny that it received the goods in question or that it is liable for the loss sustained by the plaintiff. (*Griswold* v. *Haven,* 25 N. Y. 602, 607, 608; Daniels on Neg. Insts, § 1729; *Sears* v *Wingate,* 3 Allen, 402; *R. R. Co.* v. *Howard,* 13 How. [U. S.] 301; *Richardson* v. *Boston,* 19 id. 263; *Griffin* v. *R. R. Co.,* 1 West. L. Monthly, 31; *Maguire* v. *Selden,* 103 N. Y. 642; *Mayenborg* v. *Haynes,* 60 id. 675; *Farmers, etc., B'k* v. *Bank,* 16 id. 137, 141; *Mechanics' B'k* v. *N. Y. & N. H. R. R. Co.,* 3 Kern. 638; *Reeves* v. *Kimball,* 40 N. Y. 311; Coke Litt. [a] 227; Com. Dig. "Estoppel;" Bacon's Abr. "Estoppel;" *Grant* v. *Coal Co.,* 93 U. S. 326; *Shaw* v. *R. R. Co.,* 101 U. S. 565; *In re Jewett,* 7 Bliss, 328; *Miller* v. *R. R. Co.,* 90 N. Y. 430; *Abbe* v. *Eaton,* 51 id. 410; *Clark* v. *Barnwell,* 12 How. 283; *Nelson* v. *Stephenson,* 5 Duer, 538; *Hoffman* v. *Bank,* 12 Wall. 181, 190; *Robinson* v. *R. R. Co.,* 9 Fed. Rep. 129, 135; *Barnard* v. *Campbell,* 55 N. Y. 462; *Pollard* v. *Vinton,* 105 U. S. 7; *Myers* v. *Peck,* 28 N. Y. 590; *Mallalien* v. *Hodgson,* 16 Q. B. 689.) The authority of the agent being dependent upon the delivery of the property as a condition precedent, and there being no pretense that his authority was ever even apparently enlarged by any holding out or recognition of such acts, or that the defendant had been guilty of any negligence, the defendant cannot be held to be estopped, the agent having failed to establish the fact of such delivery. (*Robinson* v. *R R. Co.,* 9 Fed. Rep. 129, 134; *Boucher* v. *Lawson,* T. Hardw. 200; *Grant* v. *Norway,* 10 C. B. 665; *Coleman* v. *Riches,* 29 L. & Eq. 323; *Hubbersty* v. *Ward,* 8 Exch. 330; *Bradley* v. *Watling,* 7 Ad. & El. 29; *McLean* v. *Fleming,* L. R. 2 App. Cas. 128;

*Brown* v. *Coal Co.*, L. R. 10 C. P. 562; *Jessel* v. *Bath*, L. R. 2 Exch. 267; Hutchinson on Carriers, § 123; *Schooner Freeman* v. *Buckingham*, 18 How. 182; *The Lady Franklin*, 8 Wall. 25; *Pollard* v. *Vinton*, 105 U. S. 7; *Lehman* v. *R. R. Co*, 12 Fed. Rep. 595; *The Joseph Grant*, 1 Biss. 193; *R. R. Co.* v. *Wilkins*, 44 Md. 11; *Tiedman* v. *Knox*, 53 id. 615; *Fellows* v. *Powell*, 16 La. Ann. 316; *Adams* v. *Trent*, 19 id. 262; *Hunt* v. *R. R. Co.*, 29 id. 446; *Bank* v. *Lavielle*, 52 Mo. 380, *Mech. Bk.* v. *N. Y. & N. H. R. R. Co.*, 3 Kern. 599, 619, 629, 638; *Dows* v. *Perrin*, 16 N. Y. 325; *Farmer's, etc., Bk.* v. *Bank*, 16 id 125, 134, 140; 14 id. 598, 602, 604, 623: *N. Y. & N H. R. R. Co.* v. *Schuyler*, 34 id. 30, 73, 74, 91; *Griswold* v. *Haven*, 25 id. 595, 602, 604; *First Nat. Bk.* v. *Shaw*, 61 id. 283, 297; *Armour* v. *Mich. C. R. R. Co.*, 65 id. 111, 121; *McCombie* v. *Spader*, 1 Hun, 197; *Fishkill S. Instn.* v. *Bank*, 80 N. Y. 162; *Merchant's Bk.* v. *State Bk.*, 10 Wall. 604; *Farmer's Bk.* v. *Erie R. Co.*, 72 N. Y. 188; *Town of Springport* v. *Savings Bk.*, 75 id. 397, 406; *Craighead* v. *Peterson*, 72 id. 279; *Wilcox* v. *Howell*, 44 id. 398, 402; 13 id. 638; *Marvin* v. *Wilber*, 52 id. 270; *People* v. *Bk. N. America*, 75 id. 548; *Fowler* v. *Howe Machine Co.*, 20 Week. Dig. 521; *N. River Bk.* v. *Aymar*, 15 Barb. 262; *Atwood* v. *Munnings*, 1 Mann. & Ryl. 6.)

*H. E. Sickels* for respondent. The delivery of the bills of lading to the plaintiff with the drafts, under the circumstances disclosed, had the goods been shipped, was sufficient to vest all the interest Williams would have had in the property for the purpose of security for the payment of the drafts. (*Emery* v. *Irv. Nat. B'k*, 25 Ohio, 360; *Nat. B'k* v. *Dearborn*, 115 Mass. 219; *Dows* v. *Greene*, 24 N. Y. 638; *City B'k* v. *R. W. & O. R. R. Co.*, 44 id. 136; *Merch. B'k* v. *U. R. R. & T. Co.*, 69 id. 373.) A corporation is liable to the same extent and under the same circumstances as a natural person for the consequences of its wrongful acts or omissions. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30;

*F. Sav'g Inst.* v. *Nat. B'k,* 80 id. 162.) The defendant is estopped, as against the plaintiff, from now asserting the invalidity of the act of its agent, in issuing the bills of lading without the receipt of the goods. (*N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 30; *Armour* v. *M. C. R. R. Co.,* 65 id. 111; *Brooke* v. *N. Y., L. E. & W. R. R. Co.,* Penn. Sup. Ct., Oct. 5, 1885; 32 Alb. Law Jour. 374.) It is not necessary, in order to create an estoppel, that representations apart from the bills of lading should have been made to the plaintiff, by or on behalf of the defendant, as no privity need be established, except such as is created by the unlawful act and the consequential injury. (*N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 30, 60; *E. C. & B. Co.* v. *Avery,* 83 id. 3.) The statement printed in the bills of lading " contents unknown " with the written statement following in one " 35 barrels beans " and in the other " 30 barrels beans " would not change the presumption that it was barrels of beans that had been received. (*Hatch* v. *Bayley,* 12 Cush. 27; *Shaw* v. *Gardner,* 12 Gray, 488.)

Finch, J. It is a settled doctrine of the law of agency in this State that where the principal has clothed his agent with power to do an act upon the existence of some extrinsic fact necessarily and peculiarly within the knowledge of the agent, and of the existence of which the act of executing the power is itself a representation, a third person dealing with such agent in entire good faith, pursuant to the apparent power, may rely upon the representation, and the principal is estopped from denying its truth to his prejudice. (*North River Bank* v. *Aymar,* 3 Hill, 262; *Griswold* v. *Haven,* 25 N. Y. 595, 601; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 id. 30; *Armour* v. *M. C. R. R. Co.,* 65 id. 111.) A discussion of that doctrine is no longer needed or permissible in this court, since it has survived an inquiry of the most exhaustive character, and an assault remarkable for its persistence and vigor. If there be any exception to the rule within our jurisdiction it arises in the case of municipal corporations whose structure and

functions are sometimes claimed to justify a more restricted liability. The application of this rule to the case at bar has determined it in favor of the plaintiffs and we approve of that conclusion.

One Weiss was the local freight agent of the defendant corporation at Batavia, whose duty and authority it was to receive and forward freight over the defendant's road, giving a bill of lading therefor specifying the terms of the shipment, but having no right to issue such bills except upon the actual receipt of the property for transportation. He issued bills of lading for sixty-five barrels of beans to one Williams, describing them as received to be forwarded to one Comstock, as consignee, but adding with reference to the packages that their contents were unknown. Williams drew a draft on the consignee, and procured the money upon it of the plaintiff by transferring the bills of lading to secure its ultimate payment. It turned out that no barrels of beans were shipped by Williams, or delivered to the defendant, and the bills of lading were the product of a conspiracy between him and Weiss to defraud the plaintiff or such others as could be induced to advance their money upon the faith of the false bills.

It is proper to consider only that part of the learned and very able argument of the appellant's counsel which questions the application of the doctrine above stated to the facts presented. So much of it as rests upon the ground that no privity existed between the defendant and the bank may be dismissed with the observation that no privity is needed to make the estoppel available other than that which flows from the wrongful act and the consequent injury. (*N. Y. & N. H. R. R. Co.* v *Schuyler, supra.*)

While bills of lading are not negotiable in the sense applicable to commercial paper, they are very commonly transferred as security for loans and discounts, and carry with them the ownership, either general or special, of the property which they describe. It is the natural and necessary expectation of the carrier issuing them that they will pass freely from one to another and advances be made upon their faith, and the

carrier has no right to believe, and never does believe, that their office and effect is limited to the person to whom they are first and directly issued. On the contrary, he is bound by law to recognize the validity of transfers and to deliver the property only upon the production and cancellation of the bill of lading.

If he desires to limit his responsibility to a delivery to the named consignee alone, he must stamp his bills as " non-negotiable;" and where he does not do that he must be understood to intend a possible transfer of the bills and to affect the action of such transferees. In such a case the facts go far beyond the instances cited, in which an estoppel has been denied because the representations were not made to the party injured. (*Mayenborg* v. *Haynes*, 50 N. Y. 675; *Maguire* v. *Selden*, 103 N. Y. 642.) Those were cases in which the representations made were not intended and could not be expected to influence the persons who relied upon them, and their knowledge of them was described as purely accidental and not anticipated. Here they were of a totally different character. The bills were made for the precise purpose, so far as the agent and Williams were concerned, of deceiving the bank by their representations, and every bill issued not stamped was issued with the expectation of the principal that it would be transferred and used in the ordinary channels of business, and be relied upon as evidence of ownership or security for advances. Those thus trusting to it and affected by it, are not accidentally injured, but have done what they who issued the bill had every reason to expect. Considerations of this character provide the basis of an equitable estoppel, without reference to negotiability or directness of representation.

It is obvious, also, upon the case as presented, that the fact or condition essential to the authority of the agent to issue the bills of lading was one unknown to the bank and peculiarly within the knowledge of the agent and his principal. If the rule compelled the transferee to incur the peril of the existence or absence of the essential fact, it would practically

end the large volume of business founded upon transfers of bills of lading. Of whom shall the lender inquire, and how ascertain the fact? Naturally he would go to the freight agent, who had already falsely declared in writing that the property had been received. Is he any more authorized to make the verbal representation than the written one? Must the lender get permission to go through the freight house or examine the books? If the property is grain, it may not be easy to identify, and the books, if disclosed, are the work of the same freight agent. It seems very clear that the vital fact of the shipment is one peculiarly within the knowledge of the carrier and his agent, and quite certain to be unknown to the transferee of the bill of lading, except as he relies upon the representation of the freight agent.

The recital in the bills that the contents of the packages were unknown would have left the defendant free from responsibility for a variance in the actual contents from those described in the bill, but is no defense where nothing is shipped and the bill is wholly false. The carrier cannot defend one wrong by presuming that if it had not occurred another might have taken its place. The presumption is the other way; that if an actual shipment had been made the property really delivered would have corresponded with the description in the bills.

The facts of the case bring it, therefore, within the rule of estoppel as it is established in this court and justify the decision made.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.