HENRY VAN WAGENEN, Respondent, *v.* GENESEE FALLS PERMA-
NENT SAVINGS AND LOAN ASSOCIATION, Appellant.

*Estoppel as to facts peculiarly within the knowledge of a corporate officer or agent —
payment of money to an officer of a savings and loan association — when not a
payment to the association — the possession of a pass book does not conclude the
association.*

When an agent or officer of a person or corporation acts within the apparent scope
of his authority the principal is estopped from effectually asserting want of
power in a particular case against a party who, in reliance upon such authority,
has in good faith proceeded upon it and would suffer injury were the authority
of the agent or officer repudiated by the principal.  In such a case the princi-
pal is concluded by the representation of the agent as to any extrinsic fact
which rests peculiarly within his knowledge, although false, and which is not
ascertainable by reference to the power conferred in relation to the act so·done
by the agent.

A party dealing with an agent is presumed to have ascertained his power and
that his act corresponds with it.  He may then take his representation as to the
fact *dehors* the power, unknown to him, although such fact be·misrepresented
by the agent, who, by reason of the fact not being as represented, is denied the
right to do the act which he assumes to perform as such agent.

It was shown upon the trial of an action that the plaintiff, by the solicitation or
advice of the secretary of a savings and loan association, consented to take
twenty-five shares of stock therein and handed to the secretary a certain sum
to be paid to the association (the defendant) as his entrance fee into member-
ship, and that soon after the next regular meeting of the association the secretary
handed to him a pass book of the association regular in form.  Thereafter from
time to time the plaintiff handed to the secretary (into whose company he was
frequently brought and with whom he was on intimate relations) sums of money
to pay for him to the association, which amounts were credited on such pass
book.  The secretary paid none of·the·money to the association but converted
it to his own use.

The articles of association of the defendant provided that all payments of the
character of those made by the plaintiff must be made at the regular weekly
meetings of the association, and on the plaintiff's pass book the amounts therein
entered were entered as having been made on dates the same as those upon
which the regular weekly meetings of the association were held.

The duties of the secretary of the association, prescribed by the articles of asso-
ciation so far as pertinent, were to keep a correct account of all the proceedings
of the association and to enter them in a book kept for that purpose ; to keep
an accurate account of all moneys paid the association and enter the same in a
book kept for that purpose ; to keep a true account between the association and
the shareholders and to give the shareholders at all times any desired informa-
tion in relation to its financial affairs.

The duty of the treasurer of the association was to be present and receive all moneys paid to the association and give his receipt to the secretary for the same.

The practice was, that the money was paid to the treasurer, and his receipt to the secretary was not given as each payment was made by each member, but the entire payments at a meeting were embraced in a single receipt.

*Held,* that the handing of the money to the secretary to pay to the association could not be treated as a payment to the association;

That the secretary had no authority to represent the association in so receiving the money, nor could any such power be implied from the fact that he had on other and previous occasions received money from members and paid it in at the weekly meetings of the association;

That the payments could be legitimately made only at the regular meetings of the association;

That under the circumstances no equitable estoppel as against the association could be based upon the fact of the plaintiff's possession of the pass book.

APPEAL by the defendant, the Genesee Falls Permanent Savings and Loan Association, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 27th day of April, 1894, upon the report of a referee.

*Edwin McKnight* and *H. Nelson Peck,* for the appellant.

*Frank M. Goff,* for the respondent.

BRADLEY, J. :

The defendant, a domestic corporation, was organized in 1887. Its place of business is the city of Rochester, N. Y.

The plaintiff alleges that he became a member in June, 1891, by the purchase of twenty-five shares of its stock and payment of his entrance fee; that between that time and June 13, 1892, he paid to the defendant $140, and that having the right to withdraw the money so paid with dividends, etc., he demanded payment of such amount, which was refused. The defendant puts in issue all the allegations of the plaintiff other than that of its corporate existence and place of business.

The defendant's articles of association provide that members not having received a loan may withdraw their shares, and thereupon the amount paid thereon shall be refunded as soon as the necessary funds are in the treasury. If the plaintiff was a member he had a

right to withdraw his shares and demand payment from the defend-
ant of the amount paid in, etc.  He gave the requisite notice for
withdrawal, and demanded payment.  The defendant refused to
recognize him as a member of the association, and asserted that he
had paid nothing to it.  The main question which will be considered
here, is whether or not he had by payment created any fund in the
association.

It is provided by the articles that the association shall hold regular
meetings on every Monday evening, and that all payments must be
made at the regular weekly meetings.  The plaintiff attended no
meetings and personally made no payments at any such meeting.

Early in June, 1891, the plaintiff, on the solicitation or advice of
George H. Butts, consented to take twenty-five shares, and he then
handed to Butts two dollars and fifty cents to be paid to the defend-
ant as entrance fee into membership, and soon after the next
regular meeting of the association Butts handed to him a pass book
regular in form as such, and thereafter from time to time until in
June, 1892, the plaintiff handed and sent to Butts sums of money to
pay for him to the association, which money, with that first men-
tioned, amounted to $140.  This with the alleged dividends con-
stitutes the amount of the fund which the plaintiff seeks to recover.
It turns out that Butts paid none of the money to the defendant,
and this fact was first brought to the attention of the plaintiff when
he afterwards had delivered to another person a sum of money to
pay to the defendant, and who having offered to pay it at a meeting
of the association, was advised that the plaintiff was not a member,
and that no money had been paid in by or for him.  This last-men-
tioned sum was returned to him.  The question, therefore, is whether
or not the defendant is chargeable with the money so paid by the
plaintiff to Butts.  The plaintiff was a conductor on the New York
Central and Hudson River Railroad, and resided at Niagara Falls.
Butts was an express messenger.  They were frequently brought
together, and their relations were intimate.  Butts became secretary
of the defendant in 1887, and continued in that relation to it until
in July, 1892.  When the pass book was handed to the plaintiff it
contained the entry of the sum of two dollars and fifty cents as of
the date of the previous meeting of the association.  The pass book
accompanied all the other sums handed to Butts, and when it was

returned by him to the plaintiff it had the entry upon it as of date of regular meetings respectively of the sums so delivered and sent to him by the plaintiff.

The plaintiff knew the methods of the transaction of the business of the association and what was required by the articles in that respect. He also knew that Butts was its secretary. He had in like manner previously transacted business through him when the plaintiff was a member of the association as trustee for his children, which relation was terminated some two years before. The claim of liability of the defendant is founded mainly on the fact that Butts was such secretary. By reference to the articles of association it is seen that it is the duty of the secretary to keep a correct account of all proceedings of the association and to enter them in a book kept for the purpose; to keep an accurate account of all moneys paid the association and enter the same in a book kept for the purpose; to keep a true account between the association and the shareholders, and to give the shareholders at all times any desired information in relation to its financial affairs. There are certain other duties to which it is unnecessary to refer. He is also required to give security for the faithful performance of his duties. These are duties which he owed to the defendant in his official relation to it. There is also a treasurer whose duty it is "to be present and receive all moneys paid to the association, and give his receipt to the secretary for the same, and to pay all orders approved by the board of directors and signed by the president and secretary, to compare and settle with the secretary quarterly all accounts." Whatever may be the construction to which that provision of the articles is entitled it seems that the practice was such that money was paid to the treasurer, and his receipt to the secretary was not as payment was made by each member, but the entire payments at a meeting were embraced in a single receipt · It is very clear that the handing of money to the person who was secretary to pay to the defendant cannot be treated as a payment to it. He had no authority to represent the association in so receiving it. Nor can any such power be implied from the fact that he had on other and previous occasions received money from members and paid it in at the weekly meetings. It was the payment there and that only which can be deemed recognized by the defendant in behalf of such members in relation to such payments.

The payments could legitimately be made only at the regular meetings. It is unnecessary to inquire whether it may not by estoppel be charged with payment to a depository authorized by it to receive money elsewhere to be handed to its treasurer. No such question arises in the present case. The agency assumed by Butts to take the money to the defendant was for the plaintiff, who testifies: "When I gave him this money I simply told him to take it to the association for me I suppose." Such relation was necessarily the consequence of the purpose for which the money was delivered and received by Butts. He failed to execute the commission, and that is the end of the controversy unless some other reason is applicable to the fact that the plaintiff had a pass book upon which the sums so delivered to Butts were entered by him as of such dates as to lead the plaintiff to suppose that the money was paid as represented by it to the association. It is difficult to see how any equitable estoppel as against the defendant can be predicated on that state of facts. When an agent or officer of a person or corporation acts within the apparent scope of his authority the principal is estopped from effectually asserting the want of power in the particular case against another who in reliance of such authority has in good faith proceeded upon it and would suffer injury by the repudiation of the act of the agent or officer. In such case the principal is concluded by the representation of the agent as to any extrinsic fact which rests peculiarly within his knowledge, although false, and which is not ascertainable by reference to the power in relation to the act so done by the agent. (*Griswold* v. *Haven*, 25 N. Y. 595; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 33 Hun, 589; 106 N. Y. 195.)

The party thus dealing with an agent is presumed to have ascertained his power, and that his act corresponds with it. He may then take his representation of the fact *dehors* the power unknown to him, although misrepresented by the agent who, by reason of the falsity of the fact, is denied the right to do the act which he assumes to perform as such agent.

For instance, in the *Bank of Batavia* case the extrinsic fact peculiarly within the knowledge of the freight agent of the railroad company was whether the property described in the bill of lading issued by him had been received by the company for transportation.

He, by the bill of lading, falsely represented that it had been so received, and on the faith of that representation the bank discounted a draft with the bill of lading annexed as a collateral. In an action by the bank against the railroad company to recover damages resulting to it by reason of the fraud, the company was estopped from making available as a defense the fact that such property had not been received, and that the representation in the bill that it had been was utterly false. The agent there assumed to perform the act for the company. In the present case Butts, in taking the plaintiff's money, assumed to act for him, and he failed to perform what he undertook and what the plaintiff expected he would do. It was not within his power as an officer of the defendant to receive the money as he did from the plaintiff, nor did he in that relation to the association put it in his pocket, retain and appropriate it to his own use. The money never went to the defendant, nor was any entry of it made on its books. The fact that the plaintiff had a pass book does not, nor do the entries made upon it, furnish any aid to him as against the association. These facts, concurrently with the transaction, facilitated the opportunity for deception practiced by Butts upon the plaintiff. The entries made by Butts upon the pass book were merely his representations that he had paid the money to the defendant for the plaintiff, as he had been requested, and as he had promised to do. And that has no more potency for the purposes of the questions presented than would his verbal representations that he had paid the money to the treasurer of the defendant have been entitled to. The omission to do it was merely the default of the plaintiff's trusted and untrustworthy bearer of his money, and not of the defendant's secretary in that relation to the association. Then there is a further reason (not essential for the purposes of this case), preclusive of the asserted claim, in the fact that the plaintiff parted with nothing upon the faith of any representation in the pass book of payment of his money to the association. The money which produced each entry in the pass book was delivered to Butts before, and not after, the representation thus furnished by it was made.

Our attention is called to *Fifth Avenue Bank* v. *F. S. S. & G. S. F. R. R. Co.* (137 N. Y. 231). That case gives no support to the plaintiff's claim. There the person who was the secretary, treasurer and transfer agent of the company issued a certificate of a number

of shares of stock of the company, and to accomplish it he forged the name of the president of the company. It was within the power of the secretary, as transfer agent, to countersign certificates, and he, as such, countersigned the certificate there in question and affixed the corporate seal. This was the method of authentication, and in effect was the representation of the secretary and transfer agent in the manner he was authorized to make it that the certificate was duly issued. And for that reason it was held that, as against the plaintiff, which had advanced money on the faith of the certificate, the company was estopped from asserting the fraud of the agent who thus authenticated it. Butts, because he was secretary, had no power, real or apparent, more than any other person had, to charge the defendant, as with payment to it, by his representation that money delivered to him to pay for another to the association had been paid to it when such representation was false. In such case it is a matter of confidence in the person selected to pay the money. The misfortune of the plaintiff arises from his misplaced confidence in the person who was faithless to him.

The judgment should be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., LEWIS and WARD, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the event.