## THE ISOLA DI PROCIDA.

### (District Court, S. D. New York.   June 29, 1902.)

1. SHIPPING—FALSE BILL OF LADING—POWER OF MASTER TO BIND SHIP.
    Under the rule of the federal courts a master has no power to bind the owners or the ship by a false bill of lading, whether the falsity is in relation to the amount of goods shipped or the date of the shipment, and this rule is not changed by the provisions of the Harter act (Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]). Such act subjects a person guilty of a violation of its provisions respecting bills of lading to a fine, which is made a lien on the vessel, but does not make the vessel liable for the damages occasioned thereby.

In Admiralty. Suit in rem to recover damages for issuance of false bill of lading.

Martin A. Ryan, for libelant.
Ullo & Ruebsamen, for claimant.

HOLT, District Judge. This libel is filed against the steamship Isola di Procida, to recover damages for issuing a false bill of lading. In August, 1901, Solon J. Vlasto, of New York, the libelant's

assignor, agreed with the Banca Mobiliare Societa Anonima, a bank doing business in Fiume, Sicily, to purchase from it 800 tons of brimstone, to be shipped during September. Vlasto thereupon arranged with John Munroe & Co., of New York, for a credit with that house for the payment. The letter of credit provided that the bills under it should be drawn on Munroe & Co., of Paris, prior to October 1, 1901, accompanied by bills of lading. The bank drew a draft on Munroe & Co., at Paris, for the price of the brimstone, which, upon presentation, was duly accepted and paid in the regular course of business. The draft was dated September 30th, and had annexed a bill of lading, dated at Girgenti, Sicily, September 30th, acknowledging the receipt upon the steamship Isola di Procida of the 800 tons of brimstone. This bill of lading was signed, "For the Master, per pro. Munzone, Mineo & Co., Agents." No brimstone had been received on the steamship on September 30th, the date of the bill of lading. The steamship at that time was at Marseilles. She reached Girgenti October 12th, took the 800 tons of brimstone on board, sailed from that port October 16th, and arrived in New York November 19, 1901. Between the time when the brimstone would have arrived in New York, if it had been shipped in September, and the time when it actually arrived, there was a fall in the price of brimstone, and the libelant sues to recover the damage caused by such fall in price.

The principal defense pleaded in the answer is, in substance, that the persons who signed the bill of lading had no authority from the owners of the ship to do so. Upon this point I think that the proof of the ratification of the bill of lading by the master and owners of the steamship is such that the bill of lading signed for the master by Munzone, Mineo & Co., as agents, is of equal legal effect as if it had been signed by the master personally. But, in my opinion, if it had been signed by the master, it would not have bound the ship, so far as the incorrect date is concerned. The general rule, under the decisions in the federal courts, is that the master of a vessel has no power to bind the owners of the ship by a false bill of lading. Schooner Freeman v. Buckingham, 18 How. 182, 15 L. Ed. 341; Bulkley v. Cotton Co., 24 How. 386, 16 L. Ed. 599; Pollard v. Vinton, 105 U. S. 7, 26 L. Ed. 998; The Loon, 7 Blatchf. 244, Fed. Cas. No. 8,499; Robinson v. Memphis, etc., Co. (C. C.) 9 Fed. 129; Id., 16 Fed. 57; American Sugar Refining Co. v. Maddock, 93 Fed. 980, 36 C. C. A. 42; Missouri, etc., Co. v. McFadden, 154 U. S. 155, 14 Sup. Ct. 990, 38 L. Ed. 944. Various state courts hold that common carriers are estopped from denying their liability upon a false bill of lading given by the master or agent. Armour v. Michigan, etc., Co., 65 N. Y. 111, 22 Am. Rep. 603; Bank of Batavia v. New York, etc., Co., 106 N. Y. 195, 12 N. E. 433, 60 Am. Rep. 440; Brooke v. R. R. Co., 108 Pa. 529, 1 Atl. 206, 56 Am. Rep. 235; Wichita Savings Bank v Atchison, etc., Co., 20 Kan. 519; Sioux City, etc., Co. v. First Nat. Bank, 10 Neb. 556, 7 N. W. 311, 35 Am. Rep. 488. But this is not the rule in the federal courts. Most of the cases in which the rule has been applied have been cases in which either no goods were shipped, or a less amount was shipped than stated in the bill of lading; but

the rule is based on the principle that a master has no implied authority to give a false bill of lading of any kind, and I think that the principle would have the same application to a bill of lading which is false in the date as to one which is false in the amount. I think, therefore, that in this case, so far as it is governed by the general rule of law established by the decisions in the federal courts, the libelant cannot recover damages against the steamship because of the false date of the bill of lading.

The question arises, however, whether the fourth section of the Harter act (Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2947]) has modified the general rule. That section requires a bill of lading to be issued to shippers stating the various particulars usually contained in a bill of lading, and provides that such document shall be prima facie evidence of the receipt of the merchandise therein described; and section 5, 27 Stat. 446 [U. S. Comp. St. 1901, p. 2947], provides that for a violation of any of the provisions of the act the agent, owner, or master of the vessel guilty of such violation, or who refuses to issue on demand the bill of lading therein provided for, shall be liable to a fine not exceeding $2,000, and that the amount of the fine and costs for such violation shall be a lien upon the vessel. I think that these sections impose no new duty upon the master. It was always the duty of the master to issue a bill of lading, and it was always his duty to issue a true one. The provision in the Harter act that such document should be prima facie evidence of the receipt of the merchandise therein described adds nothing to the general rule of law previously existing. A bill of lading was always prima facie evidence of its contents. The legal question in respect to which the contrariety of view in different jurisdictions has arisen has been whether the receipt contained in the bill of lading was conclusive, or only presumptive, evidence of its contents. The true construction, in my opinion, of the provisions of the Harter act in regard to bills of lading is that the rule previously established in the federal courts that a false bill of lading is not binding on the owner or the ship still remains the law; but, if a false bill of lading is given, the person giving it is liable to a fine not exceeding $2,000, and the amount of that fine is made a lien on the vessel. But any damage caused by the falsehood does not create any lien on the ship. The true remedy of the party injured in such a case is an action against the person who actually issued the false bill of lading. Schooner Freeman v. Buckingham, 18 How. 182, 15 L. Ed. 341; Stumore v. Breen, 12 App. Cas. 698; Relyea v. N. H., etc., Co., 42 Conn. 579.

My conclusion is that the libel should be dismissed, with costs.