PLEASANT HILL LIGHT, POWER AND WATER COMPANY, Appellant, v. ADA L. QUINLAN, et al., Respondents.

**Kansas City Court of Appeals, February 17 and May 4, 1908.**

1. **SUBROGATION: Special and General Liens.** Where two persons buy of a common grantor separate pieces of land upon both of which there is a judgment lien, but upon one of which there is a special lien for the judgment, the latter piece is primarily liable as between the two purchasers; and if the purchaser of the piece subject to the general lien has to pay the judgment to protect his land, he may go upon the other tract under the special lien for reimbursement.

2. ———: ———: **Notice: Estoppel.** If the purchaser under the general lien reserves enough of the purchase price to pay the judgment he loses his right to subrogation; but the mere fact that he may have told third parties that he would make such reservation will not defeat his right of subrogation, since estoppel cannot be based on statements made to third parties which are not intended to be communicated to the party claiming the benefit thereof.

3. ———: ———: ———: ———: **Evidence.** *Held*, on the evidence that plaintiff was entitled to be subrogated to a deed of trust executed by the common grantor of plaintiff and defendant conveying the latter's land to secure an indemnity company on an appeal bond where, on the affirmance of the judgment, plaintiff had been compelled to pay the same on execution.

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley*, Judge.

REVERSED AND REMANDED (*with directions*).

*A. A. Whitsitt* and *Chas. W. Sloan* for appellant.

(1) Plaintiff on being compelled to pay off the judgment against McAlister in order to protect its property, became subrogated to all the rights of the creditor, Walden, and to all the securities given to the

National Surety Company. Allen v. Dermoth, 80 Mo. 56; Allison v. Southerlin, 50 Mo. 274; Logan v. Mitchell, 67 Mo. 528; Evans v. Halleck, 83 Mo. 376; Norton v. Highleyman, 88 Mo. 624; Reyburn v. Mitchell, 106 Mo. 380; Long v. Long, 111 Mo. 18; Jones on Mortgages, sec. 8771; Fowler v. same, 78 Mo. App. 330; Haver v. Foley, 18 Mo. 139; Tolle v. Boeckler, 12 Mo. App. 63; Burnside v. Fetzner, 63 Mo. 111; Bank v. Reed, 54 Mo. App. 97. (2) And said surety company by taking deed of trust from McAlister when the appeal bond was given held said deed of trust as trustee for Walden; and plaintiff on paying off the judgment appealed from was subrogated to the rights of Walden as to said deed of trust security. Bank v. Davis, 87 Mo. App. 242; Brewing Ass'n v. Kaltinbach, 108 Mo. App. 637. (3) Plaintiff had no dealing with defendant or her agent, and did nothing to influence her action in the purchase; so there was no estoppel in the case. (4) In order to operate as estoppel the party sought to be estopped must have made the representation or statement with the intent that the other party should act on it. Burke v. Adams, 80 Mo. 514; Baker v. McInturff, 49 Mo. App. 509; Blodgett v. Perry, 97 Mo. 263; Acton v. Dooley, 74 Mo. 67; Shields v. McClure, 75 Mo. App. 631; Hequinbourg v. Edwards, 155 Mo. 574; Bank v. Burrus, 178 Mo. 731; Harrison v. McReynolds, 183 Mo. 548. (5) Estoppel cannot be based on statements made to a third person and not made to be communicated to the one claiming estoppel. 2 Beach on Modern Eq. Jurisprudence, sec. 1101; Maguire v. Selden, 103 N. Y. 642; Mayenborg v. Haynes, 50 N. Y. 675; Stevens v. Ludlum, 48 N. W. 771; Kinney v. Whiton, 26 Am. St. 462, 44 Conn. 262; Kuhl v. Mayor, 23 N. J. Eq. 84; 178 Mo. 731, 97 Mo. 273; Martin v. Johnson, 23 Mo. App. 96; Land Co. v. Fehring, 101 N. W. 120; Plow Co. v. Bank, 99 N. W. 298; Weidemann v. Breweries Co., 63 Atl. 162, 78 Conn. 660; Neighbors v. Davis (Ind.), 73 N. E. 151.

Light, Power & Water Co. v. Quinlan.

*W. L. P. Burney* and *James T. Burney & Son* for respondent.

(1) The obligation of the National Surety Company was to pay this bond, if McAlister and his property failed to pay it.   But if McAlister paid it, or, what is the same thing, if his property liable for its payment satisfied the judgment, then the bond was void. McAlister's property owned by him at the time of the rendition of the judgment, paid this debt.   Under these circumstances, this appeal bond became void, and the deed of trust was properly released.   Pierce v. Higgins, 101 Ind. 178.   (2)   Primarily the judgment debtor is liable for the debt, and the property which he owned at the date of the rendition of the judgment is to be exhausted before the surety can be called upon.   Wilcox v. Todd, 64 Mo. 388.   (3)   Plaintiff by its conduct is' estopped from claiming contribution against this defendant, if it ever had any right to such claim.   (4) There is another principle upon which plaintiff is clearly barred from maintaining this suit.   It is a familiar maxim of equity that, "Where one of two innocent parties must suffer damage by reason of the acts or omission of a third, he whose fault enabled the third party to occasion the loss must sustain it." Rice v. Groffman, 56 Mo. 434; Whittemore v. Obear, 58 Mo. 286; Bank v. Armstrong, 62 Mo. 67; Neuhoff v. O'Reilley, 93 Mo. 164; Bank v. Railroad, 132 Mo. 492; Bank v. Bank, 107 Mo. 402; Cummings v. Hurd, 49 Mo. App. 139.

ELLISON, J.—This is a proceeding in equity to subrogate plaintiff to the rights of another in a certain deed of trust given to that other for the purpose of indemnity.   The trial court dismissed the bill after a hearing and plaintiff appeals.

It appears that J. O. McAlister was engaged (in two cases) in litigation with J. H. Walden, and that

being defeated by Walden in the circuit court of Cass county, he appealed to this court. That for the purpose of such appeals he was compelled to give bond with a surety; that he procured the National Surety Company as his surety, and to indemnify that company against loss he executed to it an indemnity deed of trust on certain of his real estate, to-wit: lots four, five and six, in block forty-seven, Pleasant Hill. That afterwards, on May 7, 1906, the judgments were affirmed by this Court and the surety company became liable on the appeal bond.

On the 17th day of November, 1905, McAlister sold and conveyed to the plaintiff by warranty deed certain other real estate in Pleasant Hill (of lengthy description), but not that included in the indemnity deed of trust to the surety company. But on the 27th day of November, 1905, McAlister conveyed to defendant, Ada Quinlan, the same realty he had conveyed to the surety company as indemnity against liability on the appeal bonds as above stated. The judgment against McAlister was, of course, a lien on all his real estate, and thus plaintiff and defendant Ada became the owners of separate pieces of realty which were subject to such lien; for they both bought of McAlister after the date of the judgment against him. The difference in their situations was that the piece bought by defendant had been specifically conveyed or set apart as indemnity for the payment of the judgments.

Afterwards defendant Ada purchased the judgments against McAlister and had execution issued and levied upon the real estate of this plaintiff which it had bought of McAlister, and in order to save it plaintiff was compelled to pay off the execution, amounting to more than six hundred dollars. Plaintiff then instituted this proceeding asking to be subrogated to the rights of the surety company in the indemnity deed of trust, and that the land in such deed of trust be sold

for the amount it had been compelled to pay, claiming that that land had been deeded to a trustee for that purpose,—and for general relief.

Where, as in this case, two persons buy separate pieces of real estate of a common grantor, upon each of which there is a judgment lien, but upon one of which the judgment debtor had placed a special lien for the amount of the judgment, the latter piece is primarily liable as between the two purchasers. And if the one who purchased the piece not so set apart, is compelled to pay it to save his land, he may go upon the other tract which was so set apart, for reimbursement.

Defendant, to avoid the application of this principle of equity to the present transaction, goes into a detailed statement of a sale or exchange of lands between defendant and McAlister whereby she became the owner of McAlister's Missouri property, including that in controversy, in exchange for her property in Oklahoma. It seems that the business in behalf of defendant was done by her brother and she, of course, is chargeable with whatever knowledge he had. Besides the indemnity deed of trust being recorded, her brother had knowledge thereof and she must therefore be held to the enforcement of the equitable principle above stated, unless for the following consideration urged by her.

It appears that when McAlister and plaintiff were negotiating for plaintiff's purchase of the land it bought of him, the plaintiff realizing the judgments pending on appeal in this Court, were a lien on the property it proposed to purchase, stipulated with McAlister that it would hold back $500 of the purchase money so as to be safe in case of an attempt to enforce the judgments against the property it proposed to purchase. It appears that defendant's agent learned of such stipulation, but not through this plaintiff. Before the deal was consummated and the conveyance made, that provision was abandoned and plaintiff paid the full consideration,

and received an absolute conveyance. The evidence shows that this plaintiff did not represent to defendant that it had reserved five hundred dollars for the payment of the judgment. Nor did it put such stipulation in the preliminary contract of sale with a view of any one seeing it. It was the private stipulation between McAlister and plaintiff, which they had a right to abandon. Defendant had no right to rely upon it as it was not made to her nor her agent. The rule is that estoppel cannot be based on statements made to third persons which are not intended to be communicated to the party claiming the benefit thereof. [2 Beach on Equity, sec. 1101.] It is said in Kinney v. Whiton, 44 Conn. 262, that if a bystander overhears a conversation between two others, not intended for him, he has no right to appropriate it to himself and act upon it. To the same effect are Kuhl v. Jersey City, 23 N. J. Eq. 84; Maguire v. Selden, 103 N. Y. 642; Mayenborg v. Haynes, 50 N. Y. 675; and Stevens v. Ludlum, 48 N. W. 771.

For these considerations we are of the opinion that plaintiff is entitled to have the indemnity deed of trust foreclosed and the property therein described sold for the amount of the judgment, interest and costs, etc., which it was compelled to pay to protect its property from the execution levied upon it. The judgment will be reversed and the cause remanded that proper judgment may be entered accordingly. All concur.