THIRD DEPARTMENT, JANUARY, 1919.

ABRAHAM DWORKOWITZ, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Railroad — carrier — loss of goods in transit.*

Appeal by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 12th day of March, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

Judgment and order affirmed, with costs. All concurred, except Woodward, J., dissenting with an opinion in which Lyon, J., concurred.

WOODWARD, J. (dissenting): The complaint, so far as important here, alleges that the defendant is a domestic corporation, a common carrier, and that on or about the 29th day of March, 1910, the I. S. Knee Pants Company of New York delivered to the defendant certain merchandise, not livestock or perishable, for shipment to the plaintiff herein; that on or about the 4th day of April, 1910, the said goods were brought to plaintiff's place of business in the city of Schenectady by a truckman, and the plaintiff herein directed the said truckman to take the said goods back to the said defendant for return to said I. S. Knee Pants Company; that the said merchandise was delivered on the said 4th day of April, 1910, to the said defendant for return to the said I. S. Knee Pants Company, but the same was never delivered to the said I. S. Knee Pants Company, nor to this plaintiff, solely through the fault of said defendant, but was lost by the defendant in transit; that subsequent to the dates mentioned the I. S. Knee Pants Company sued the plaintiff for the value of the merchandise, and secured a judgment against the said plaintiff for the sum of $177.02, which judgment was paid prior to the commencement of this action. The answer of the defendant puts these

material allegations in issue, and the jury has given a verdict in favor of the plaintiff. The defendant appeals from the judgment and from an order denying its motion for a new trial on the minutes. The case depends entirely upon the testimony offered by the plaintiff; the defendant's records at the Schenectady freight office having been destroyed by fire it was unable to produce its records in reference to this alleged transaction. On the 29th day of March, 1910, the defendant issued a bill of lading to I. S. Knee Pants Company at New York, covering a shipment of " one case clo." consigned to A. Dworkowitz, Schenectady, N. Y., and on the 4th day of April, 1910, James E. Sailsburg, a driver employed by E. O. Prunnier, a truckman, brought a case of goods to the store of the plaintiff. This case of goods is not further identified than to show that it had the name and address of the I. S. Knee Pants Company upon it. The plaintiff swears that he directed the truckman to take the case of goods back to the defendant for return to the I. S. Knee Pants Company, and the truckman testifies that he did take this case of goods back and delivered it to a clerk, who made out a bill of lading and delivered it to him; that he subsequently offered it to the plaintiff, and, upon the latter refusing to accept it, he gave it to his employer. This alleged bill of lading is not in evidence and no reason is shown why it was not produced. Then plaintiff introduced in evidence the judgment roll in the action of the I. S. Knee Pants Company against the plaintiff in this action, for the value of certain goods sold and delivered to the latter, and there is some testimony by one Louis Scheinman that he had supervision over the shipments from the I. S. Knee Pants Company, and that he knew in a general way about the transactions between his company and the plaintiff; but we fail to find any direct evidence as to the identity of the goods involved in the litigation covered by the judgment roll and those involved in this controversy. There appears to have been an assumption on the part of the plaintiff that the goods covered by the defendant's New York bill of lading were the same goods which the truckman attempted to deliver to him, and which he directed to be returned, but the evidence does not show what goods were embraced in the shipment, except the general statement that it was a " case of clo.," and whether this was the same case that was offered to the plaintiff does not appear. The original bill of lading in evidence contained a clause " contents and condition of contents of packages unknown," and there is no evidence to show that the defendant ever had possession of the goods which were involved in the judgment between the plaintiff in this action and the I. S. Knee Pants Company. It is highly probable that it did, but the evidence does not establish the fact, and this seems to us to be fairly required by the issue tendered. The burden of proof was upon the plaintiff to establish this fact, and the failure of the defendant to produce any evidence to the contrary cannot be made to supply this defect in the plaintiff's case. The respondent's contention that this case is governed by the rule laid down in *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.* (33 Hun, 589; affd., 106 N. Y. 195) is obviously untenable. In that case the defendant's agent had made and delivered two bills of lading, alleged to cover some sixty bushels of

beans. These bills of lading were used in connection with drafts drawn upon the consignee to induce the Bank of Batavia to advance money upon the supposed security of the bills of lading, and the court merely laid down the rule that where the principal puts it within the power of his agent, in the apparent discharge of his duty, to do an act resulting in injury to a third person, the principal is estopped to deny the authority of the agent to act. In that case there had been in fact no beans delivered to the defendant; its agent, clothed with apparent authority, had issued bills of lading for goods which were not in fact delivered to the carrier, and the alleged consignor had made use of these bills of lading to work a fraud upon the bank. Of course the defendant could not avoid responsibility, and that was the only issue decided in that case. It may be that if the bill of lading in this particular case had described the contents of the case as knee pants, and the judgment in the action between the I. S. Knee Pants Company and the plaintiff here had been on account of knee pants of a like number and grade there would have been a presumption that the goods were the same, but there is nothing to identify the two transactions, the case of clothes and the knee pants involved in the litigation, and, so far as the record goes, the payment of the present judgment might not protect the defendant against further claims based upon the same uncertain character of liability. We think the defendant is entitled to have the facts alleged and proved which involve it in liability, and because the plaintiff has failed to show that he delivered to the defendant the goods for which he has been called upon to pay the judgment of the I. S. Knee Pants Company, the judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event. Lyon, J., concurred.