Filed March 19, 1892.

---

No. 14,988.

## BRICKLEY ET AL. *v.* EDWARDS ET AL.

PRACTICE.—*Non Est Factum.—Reply.—Plea of Estoppel.*—A plea of *non est factum* closes the issues, and does not require a reply; but a reply of estoppel may be pleaded to such an answer.

SAME.—*Motion to Strike Out Pleading.—Overruling.*—Overruling a motion to strike out a pleading is not such an error as will reverse the case.

PROMISSORY NOTE.—*Payable in Bank.—Note Executed by Illegal Corporation.*—The maker of a note, payable in bank, to an illegal corporation, which is afterwards annulled by a decree of court is, as against an innocent endorsee of the note for value, estopped to deny its existence or its capacity to contract.

ESTOPPEL.—*Third Person Relying Upon Correspondence not Addressed to Him.*—A. wrote to B., who had executed a note payable in bank, asking him "if the note was all right," and if it would "be paid at maturity?" B. replied on the back of the letter that "the note referred to is all right, and will be paid when due." The letter came into the possession of C., who purchased the note before it was due, relying upon the correspondence, and became assignee thereof.

*Held,* that B. was not estopped to set up any defence against said note that existed at the time of the correspondence as against C., the purchaser.

SAME.—*Special and General Admissions or Declarations.*—Admissions or dec-

larations which have been acted upon by others are conclusive against the party making them in all cases between him and the person whose conduct he has thus influenced, whether the admissions or declarations are made in express language to the person himself, or are made in general terms, or may be implied from the open and general conduct of the party. Open and general statements of a party may be considered as addressed to everyone who may have occasion to act upon them.

From the Huntington Circuit Court.

*L. P. Milligan* and *O. W. Whitelock*, for appellants.

*H. J. Shirk*, *L. Walker*, *W. B. McClintic* and *J. Mitchell*, for appellees.

McBRIDE, J.—The appellee was plaintiff below. His complaint charges the execution of a note by the appellant Andrew J. Brickley on January 25th, 1882, payable January 25th, 1887, to the Fort Wayne, Warren and Brazil Railroad Company, or order, at the First National Bank of Fort Wayne, Indiana, and, also, the execution by both appellants of a mortgage on certain land in Huntington county to secure the note.

It also alleges the assignment of the note and mortgage before maturity to the appellee. Prayer for judgment for the amount due on the note and for foreclosure of the mortgage.

The appellants filed an answer in eight paragraphs:

1st. A joint answer of general denial.

2d. A separate answer by Andrew J. Brickley of *non est factum*, verified.

3d. That the note and mortgage were procured by fraud, of which the appellee had full knowledge.

4th. That the note and mortgage were procured by fraud, and were without consideration, and, after they were signed, they were taken and carried away without his authority or consent, and that there was in fact no such corporation as that named as the payee.

5th. That the note and mortgage were obtained by fraud, and were without consideration, of which facts the assignee had full knowledge when he took the assignment.

6th. That the note and mortgage were without any consideration whatever, of which fact the appellee had full knowledge, etc.

7th. That the note was procured by fraud, that when it was given a suit was pending challenging the existence of the payee as a corporation, which suit was afterward prosecuted to effect, and a judgment rendered adjudging it no corporation, which judgment was, on appeal, affirmed by the Supreme Court, and that the appellee had knowledge of all of said facts when he took the assignment. This answer was verified.

8th. A verified denial of the assignment.

The appellee replied in six paragraphs.

The first is addressed to the second paragraph of answer, that of *non est factum.* It alleges that on the day the note was assigned to him one William J. Holman, claiming to be the President of the Fort Wayne, Warren and Brazil Railroad Company, presented to him a memorandum in writing directed to the appellant A. J. Brickley, making inquiry as to the validity of the note and mortgage, said inquiry being signed by E. H. Shirk; that on the opposite page thereof was a memorandum signed by said Brickley, stating that the note and mortgage referred to were " all right," and would be paid at maturity. The latter memorandum was addressed to " Hon. E. H. Shirk," writer of the letter of inquiry. It was further alleged that said writing had been intrusted to said Holman by said Brickley to enable Holman to negotiate the note; that the appellee relied on the representations in said writing, without other knowledge of the facts, and purchased the note for a valuable consideration and before maturity, whereby he claimed the appellant was estopped to deny the execution of the note.

The second paragraph of reply was addressed to the third and fourth paragraphs of answer, and alleged that the appellee purchased the note before maturity, in good faith, for a

valuable consideration, and without knowledge of any fraud in its procurement.

The third paragraph was addressed to the fifth and sixth paragraphs of answer, and denies knowledge of any want of consideration, and alleges that he purchased the note before maturity, in good faith and for a valuable consideration.

The fourth paragraph is addressed to the seventh paragraph of answer, and also alleges that the note was assigned to him before maturity, for value, etc., and that he had no knowledge of the action to annul the corporation, or of the fraud, or that the payee was not legally incorporated.

The fifth paragraph was addressed to all of the answers except the first and and second. The facts pleaded were substantially the same as in the first paragraph, setting out the letter to Shirk and the reply by Brickley.

The sixth was a general denial, addressed to all except the first, second and eighth paragraphs of answer.

The errors assigned, so far as they relate to the pleadings, are, that the court erred in overruling appellants' motion to strike out the first and fourth paragraphs of the reply, and in overruling appellants' demurrer to the second and fifth paragraphs of reply.

The ground upon which the appellants insist that the court erred in refusing to strike out the two paragraphs of reply, is that they were both addressed to pleas of *non est factum*, and that a plea of *non est factum* closes the issues, and does not admit of a reply. It is true that a plea of *non est factum* closes the issues, and does not *require* a reply. It does not follow, however, that a reply may not be proper. A reply of estoppel may be pleaded to an answer of *non est factum*. *Pattison* v. *Norris*, 29 Ind. 165; *Rudd* v. *Matthews*, 79 Ky. 479. *Webb* v. *Corbin*, 78 Ind. 403, is not in conflict with this. The court did not err in refusing to strike out the replies. But, if it had, the cause could not be reversed upon that ground. A cause will not be reversed because of the refusal of the court to strike out a pleading. *City of Craw-*

*fordsville* v. *Boots,* 76 Ind. 32 ; *Smith* v. *Martin,* 80 Ind. 260 ; *Lake Erie, etc., R. W. Co.* v. *Kinsey,* 87 Ind. 514 ; *Hoke* v. *Applegate,* 92 Ind. 570.

It is unnecessary for us to consider in this connection the sufficiency of the seventh paragraph of answer as a plea of *non est factum.* Nor did the motion to strike out raise any question as to the sufficiency of the reply of estoppel. A motion to strike out does not perform the office of a demurrer.

The court did not err in overruling the demurrer to the second paragraph of reply to the third and fourth paragraphs of answer. The averments of the fraud, by which it is alleged the execution of the note and mortgage were procured, are not sufficient to bring either of the paragraphs of answer within the rule of *Cline* v. *Guthrie,* 42 Ind. 227, upon which the appellant relies. It is not alleged that the appellant was deceived as to the character of the papers he executed. He knew he was making a note and a mortgage. Nor are the averments that they were taken away without his authority or consent sufficient to bring the facts pleaded within the rule of that case. Neither of the answers is verified. They do not call in question the execution of the note and mortgage, but seek to avoid them because of the alleged fraud of the parties who procured their execution, and the alleged knowledge of the appellee of the fraud. As against the payee or one chargeable with notice they plead a good defence. The note being payable at a bank in this State, none of the facts thus pleaded can avail against a *bona fide* endorsee for value who acquired it before due. So, also, of the averments of the non-existence of the corporation. Having contracted with it as a corporation he is, as against an innocent endorsee of the note, estopped to deny its existence, or its capacity to contract. *Smelser* v. *Wayne, etc., T. P. Co.,* 82 Ind. 417 ; *Jones* v. *Kokomo Building Ass'n,* 77 Ind. 340 ; *Beatty* v. *Bartholomew, etc., Society,* 76 Ind. 91 ; *Baker* v. *Neff,* 73 Ind. 68 ; *Snyder* v. *Studebaker,* 19 Ind.

462; *Meikel* v. *German, etc., Society,* 16 Ind. 181; *Heaston* v. *Cincinnati, etc., R. R. Co.,* 16 Ind. 275.

The fifth paragraph of reply was, as we have heretofore said, a reply of estoppel, and was pleaded to all of the several paragraphs of answer except the first and second. It was based upon the following writings:

"PERU, IND., April 1st, 1882.

"*Mr. Andrew J. Brickley, Markle, Ind.:*

"DEAR SIR: William J. Holman, of Fort Wayne, wishes to negotiate with us for a loan, or rather the sale of a note of yours for ($2,000) two thousand dollars, dated June 25th, 1882, payable to the Fort Wayne, Warren, and Brazil Railroad Company, maturing January 25th, 1887, and secured by mortgage of the same date of note, on one hundred acres of land, being a part of your home farm opposite the town of Markle, in Huntington county, Indiana, and recorded February 4th, 1882, in book S, page 297 of mortgage records of Huntington county. We wish to know if the note is all right, and will be paid at maturity, and interest as it becomes due. Please answer on opposite page and oblige.

"E. H. SHIRK."

Indorsed upon the back of the foregoing was the following:

"MARKLE, IND., April, 1882.

"*Hon. E. H. Shirk:*

"DEAR SIR: Yours on opposite page received. The note and mortgage referred to are all right, and will be paid when due. There are no other liens against the land mortgaged.                     A. J. BRICKLEY.

"Witness:        W. J. HOLMAN.
                 "WILLIAM ALLEN.
                 "L. P. HOLMAN."

It is alleged in the reply that the holder of the note, Holman, offered it for sale to E. H. Shirk and the appellee, who were respectively president and assistant cashier of the First National Bank of Peru; that thereupon Shirk addressed the

foregoing letter to the appellant, who thereafter signed and delivered to Holman the reply for the purpose of aiding him in negotiating and selling the note and mortgage. It is not averred that Brickley had any knowledge of the relations existing between Shirk and the appellee, or of their connection with the bank, nor is it averred that Brickley had any knowledge of Holman's intention to try to sell the note and mortgage to the appellee, nor to any person other than to Shirk, nor is it averred that his purpose was to aid him generally in an effort to sell them, or to sell them to any person other than to Shirk. For some reason not disclosed by the pleading, Shirk did not take the note, but the appellee did, and insists that while the written statement of Brickley was addressed to Shirk, he was authorized to and did rely upon its statements when he purchased and took the assignment of the note, and that the appellant is thereby estopped to defend against him, either on the ground of fraud in the procurement of the note, or on the ground that he did not execute it. This claim appellee's counsel base on the ground that the statements that the note and mortgage were all right, and would be paid when due, were general statements, without qualification, not made confidentially, but delivered to a party who he knew was endeavoring to effect a sale of the note for the purpose of aiding him in the sale.

The rule relating to declarations of the character in question is correctly stated in an authority cited and quoted by counsel for the appellee thus : " A declaration made to one party can rarely operate as an estoppel in favor of another. Where, however, a declaration or admission is so general in its terms or made under such circumstances as to indicate that it was intended to reach or influence third persons, or the community at large, the estoppel will be carried so far as to protect every one who may be presumed to have acted on or been governed by it." 2 Smith Leading Cases, Star p. 799, note to Duchess of Kingston's case.

Admissions which have been acted upon by others are

conclusive against the party making them in all cases between him and the person whose conduct he has thus influenced.    This is true whether the admission or declaration is made in express language to the person himself, or is made in general terms, or may be implied from the open and general conduct of the party.    His open and general statements may be considered as addressed to every one who may have occasion to act upon them.    2 Greenleaf Ev., section 207.    Does the statement addressed by the appellant to Shirk fall within this rule?    We think it does not.    Upon its face it is addressed to Shirk alone.    It is in response to a personal letter addressed to him by Shirk.    An examination of the authorities cited by the appellee will show that they do not support his contention.

*Dickerson* v. *Colgrove*, 100 U. S. 578, is cited as being similar to the case at bar.    In that case the writer of a letter to one person is held to have estopped himself to claim any interest in certain land as against a third person to whom the contents of the letter had been communicated.    An examination of the case discloses the fact that in the letter itself the writer expressly authorizes the communication of his disclaimer of any interest in the land to the third person, and that this was done and had been acted upon.    Page 580.

*Weyh* v. *Boylan*, 85 N. Y. 394, is also cited.    In that case the maker of a note and mortgage was held to be estopped to defend on the ground of usury against one who had purchased them, relying upon a certificate in some respects similar to that made by the appellant in this case.    Instead, however, of being addressed to any particular person, or written in response to any special inquiry, it was a certificate, general in its terms, and addressed to no one.    While it contained a statement that the writer knew of a contemplated assignment to certain persons, it also contained the general statement that " It will be good and valid in the hands of an assignee."

The note and mortgage were in fact assigned to the per-

sons named in the statement, and by them to the parties who sought to enforce it. While we think that case was correctly decided, we do not think it sustains appellee's claim in the case at bar. The cases of *Mitchell* v. *Reed,* 9 Cal. 204, and *Horn* v. *Cole,* 51 N. H. 287, are also cited. In our opinion neither of those cases was correctly decided, and we decline to recognize them as authority. In the first case, Mitchell was a merchant engaged in the sale of groceries and liquors. His business was conducted by a clerk, one Haskell. Mitchell was a Son of Temperance, and not wishing it known that he dealt in liquors, said that the liquors in the store belonged to Haskell, who sold them without his consent. This coming to the knowledge of a creditor of Haskell, he commenced attachment proceedings against Haskell, and Reed, a constable, seized the liquors as Haskell's. It was held that the public statements made by Mitchell estopped him to claim the liquors. It was not shown, however, that the creditor had given credit to Haskell upon the strength of his reputed ownership of the property, nor is it shown that he was in any manner influenced by Mitchell's statements, or knew of them until the time when he commenced the attachment proceedings.

The case of *Horn* v. *Cole, supra,* rests upon grounds equally untenable. It is, however, an interesting and instructive case, citing and reviewing a very large number of cases covering the general modern doctrine of estoppel *in pais,* and while we can not approve of the conclusion reached on the facts disclosed, we commend the learned and discriminating discussion of the cases cited.

As was said by the Supreme Court of Connecticut in *Kinney* v. *Whiton,* 44 Conn. 262 (26 Am. Rep. 462) : " It seems to us to be an unsafe doctrine to adopt, that a person who gets at second-hand a declaration not intended for the public and not intended for him, may act upon it as safely as the person to whom the declaration was addressed, and for whom alone it was intended. Where the declaration was intended only

for the person to whom it was addressed the party making it has assumed no obligation to any other person."

In our opinion the appellee is not entitled to avail himself of the statements contained in the letter addressed to Shirk for the purpose of an estoppel *in pais* against the appellant. See, also, *Mayenborg* v. *Haynes,* 50 N. Y. 675 ; *Townsend Savings Bank* v. *Todd,* 47 Conn. 190.

The court erred in overruling the demurrer to the fifth paragraph of reply.

We think it unnecessary to consider or pass upon the remaining errors assigned and discussed by the appellant. They are such as may not and probably will not arise on another trial of the cause.

The appellee has assigned several cross-errors. Of these, only two are discussed. Through what was probably inadvertence, one of these presents no question for consideration. The court sustained a demurrer to the first paragraph of reply, which was addressed to the second paragraph of answer, and overruled a demurrer to the second paragraph of reply. We have considered that ruling on assignment of error by the appellant.

Counsel assign as cross-error that the court *sustained* a demurrer to the second paragraph of reply. In our opinion the court erred in sustaining the demurrer to the fourth paragraph of reply. This was pleaded to the verified seventh paragraph of answer. This paragraph of answer was evidently intended as a special plea of *non est factum.* The facts pleaded were not sufficient to negative the execution of the note, and it was not good as a plea of *non est factum.*

It was, however, a good plea in bar, but the replication to it was sufficient. It is unnecessary to state the reasons that lead us to this conclusion, further than to refer to what we have said as to the sufficiency of the second paragraph of reply.

Because of the errors of the court in overruling the demurrer to the fifth paragraph of reply, and in sustaining the

demurrer to the fourth paragraph, the cause is reversed, with instructions to the circuit court to grant a new trial, and to proceed in accordance with this opinion.

Filed March 17, 1892.