BLISS, Respondent, v. WATERBURY, Appellant.

### (145 N. W. 435.)

**1.  Evidence—Lost Instrument—Evidence of, Contents—Subsequent Conversation—Res Gestae—Self-serving, Hearsay.**

Where, in ejectment, it was sought to establish contents of a lost deed, testimony of a witness relative to a statement made to her by the alleged grantor in the deed, as to its character, of which witness had no knowledge, at the time she witnessed it, was properly excluded, it appearing that the deed was delivered before being signed by witness, which was after its "execution;" and any such testimony would be hearsay and no part of the res gestae.

**2.  Lost Instruments—Evidence—Contemporaneous Conversations.**

Under Civ. Code, Sec. 1239, providing that the execution of a written contract supersedes all oral negotiations which precede or accompany such execution, contemporaneous conversations are not competent to prove contents of lost deed.

**3.  Evidence—Admissions Against Interest.**

Defendant's statements made to third persons prior to plaintiff's purchase of the land in controversy in ejectment, that he had no interest in the land, were admissible in evidence; such evidence being competent against declarant whenever, wherever, however, and to whomsoever made.

4.   **Estoppel—Equitable Estoppel—Statements Disclaiming Owner-ship, to Third Persons.**

   Testimony of witnesses, that they had informed plaintiff, before his purchase of land in controversy in ejectment, that defendant had stated to them that he claimed no interest in the land, **held**, not to be material to the estoppel pleaded by plaintiff, it not appearing that the statements were made with intention that they should be communicated to or acted upon by plaintiff, and such evidence was incompetent

5.   **Estoppel—Instructions—Representations of Title, to Third Per-sons.**

   Where there was no evidence that defendant's statements to third persons, that he laid no claim to land in controversy in ejectment, were made with knowledge or expectation that they would be communicated to plaintiff, and acted upon by him in his purchase of the land, **held**, it was error to give an instruction authorizing a verdict for plaintiff solely on the ground of an estoppel raised by such statements.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by C. J. Bliss against W. E. Waterbury, in the nature of ejectment, to recover possession of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed and remanded.

See, also, Bliss v. Waterbury, 27 S. D. 429, 131 N. W. 731.

*J. L. Hannett,* for Appellant.

The court erred in sustaining the plaintiff's objection to the following question asked the witness Frances Mount.

Q. Was there anything said at that time by your father in reference to this paper?. In view of the fact that the instrument referred to was lost, it was proper to show all the facts and circumstances surrounding the making and delivery of the instrument and to show by the evidence of this witness what was said by the grantor in reference to said instrument at the time she was requested to witness the same.

The court erred in overruling defendant's objection to the question asked the witness Ramsey, and permitting said witness to detail a conversation he claims to have had with the defendant prior to the time the plaintiff purchased said land. This evidence was clearly incompetent, and formed no basis for estoppel, as the witness Ramsey had long prior to the date of this conversation

purchased the land at sheriff's sale, and if the defendant did make the statements as claimed by this witness, he was not induced thereby to purchase said land, as he had already purchased it at sheriff's sale.

The court permitted the witnesses Ramsey and Seaman to relate, over the objection of the defendant that the same was hearsay, to the plaintiff Bliss in the absence of the defendant, conversations in reference to the ownership of the land in question, which they claimed to have had with the defendant. This was clearly hearsay evidence. Catlett v. Stokes 15 S. D. 635; Stevens v. Wm. Deering Co. 6 S. D. 200; Regan v. McKibben 11 S. D. 270.

It is clear that this testimony in reference to the conversations detailed by the witnesses Ramsey and Seaman to the plaintiff, if believed, was decisive of the case upon the question of estoppel. This is especially true in view of the instructions of the court upon this question. These instructions inform the jury that if statements were made by the defendant to parties as to his title or interest in the land, and these statements were by said parties communicated to the plaintiff prior to the time he purchased the land then the defendant would be estopped from claiming title to the land as against the plaintiff Bliss.

The evidence of the witnesses Ramsey and Seaman, upon which these instructions were based, was incompetent and hearsay as to this appellant, he not being present when the conversations were had by the witnesses Ramsey and Seaman with the plaintiff Bliss.

All the witness Frances Mount could testify to in regard to the execution of said pretended lost deed, was what she herself knew and could testify to from her own personal knowledge; the evidence solicited by appellant as to what someone else said at the time was incompetent, purely hearsay, and not binding on plaintiff, and the ruling of the court was clearly correct. Stevens v. Wm. Deering Co., 6 S. D. 200.

*Spangler & Haney,* for Respondent.

The evidence of Ramsey and Seaman, objected to, was admitted, and was competent, as tending to prove two material facts: 1st. Did the defendant make the statements or declarations testified to by said witnesses; and, 2nd. Were such declarations communicated to the plaintiff or respondent, prior to the date on

which he purchased the land? The declarations in question were made by the defendant himself and are against his own interest as he claims his interest to be at this time. Jones on Evidence, 2d Ed., Secs. 236, 252 and notes, and cases cited.

The evidence shows that plaintiff inquired of defendant himself as to what rights he claimed to the premises in controversy, and defendant informed him that he made no claim to the land; and this was sufficient, even if the evidence objected to was entirely eliminated, so that even if error was committed in the admission of the evidence objected to, it was error without prejudice. The instructions objected to are in our judgment, correct, and not subject to appellant's objections.

McCOY, J. Action to recover possession of real property in the nature of ejectment. Verdict and judgment for plaintiff, and defendant appeals. It appears from the records that one E. S. Waterbury was the former owner of said land, through whom both parties to this action claim title. Plaintiff claims title through a sheriff's deed issued to one Ramsey in 1900 under an execution sale and judgment against E. S. Waterbury, and a warranty deed from Ramsey to plaintiff dated November 1, 1904. Defendant claims title under an alleged unrecorded deed for a portion of said land, and a contract for deed for the remainder, dated about April 5, 1887, from E. S. Waterbury to defendant, which last mentioned deed is claimed to have been lost. Defendant has been in actual possession and residing on said land since about 1887. Plaintiff pleaded an estoppel against defendant's alleged title based on the alleged fact that, prior to the purchase of said land by plaintiff from Ramsey, he was put upon notice that defendant was in possession of said land, and went to defendant and made inquiry of him as to his claim thereto, and that plaintiff, relying upon defendant's statement, and upon statements made by defendant to others, that he made no claim to title, or of any interest in said land, purchased the same from Ramsey. The only assignments of error relate to rulings on the rejection or reception of evidence and to instructions to the jury.

[1] Defendant called as a witness Frances Mount, nee Waterbury, who, in substance, testified that, being at her father's place in the spring of 1887, she signed an instrument with her father's and mother's name attached, that she did not read the

paper, and could not tell the contents thereof. She was then asked the following question: "Was there anything said to you by your father or brother at that time as to what the character of the instrument was they wished you to sign?" Objected to as incompetent, irrelevant, calls for a self-serving declaration and a conclusion of the witness. Objection sustained, and defendant excepted. Appellant contends that defendant was prevented, by this ruling of the court, from showing just what was said at the time of the execution of said lost instrument. This question related to the time when this subscribing witness *signed* the same, and not to the time of the *execution* thereof. The testimony is that the signatures of her father and mother were attached thereto when she signed as a subscribing witness. She makes no claim of having seen the execution of this instrument. There is nothing to show that she signed as a subscribing witness immediately upon the execution by the grantors. For all that appears from the record it may have been days,, weeks, or months after the execution of the instrument by the grantors that the same was presented to this subscribing witness to sign. The validity, or legal force or effect, of this lost instrument in no manner depended upon the signature of the subscribing witness. From appellant's brief it appears that the purpose and object of the said question was to bring out and show the conversation that took place at the time of the execution of this deed. From this it does not appear that the question was put for the purpose of identifying the instrument subscribed by this witness. Prior to the propounding of this question the grantee, W. E. Waterbury, and the grantor, E. S. Waterbury, had both testified to the making and execution of said deed, and had specifically and minutely testified as to the contents thereof.

[2] It is clearly and fairly inferable from the testimony of defendant and E. S. Waterbury that this deed was delivered to defendant prior to being signed by this subscribing witness. After the execution and delivery of this instrument all prior negotiations and contemporaneous conversations became merged in the instrument, and thereafter became incompetent testimony. Also, after the execution and delivery of said deed any statements of the parties thereto, as to the character or contents thereof, favorable to themselves, became self-serving and hearsay, and no part of the res gestae.

We hold that the objection was properly sustained, Civil Code, § 1239; Jones, Ev. §§ 437, 438, 235, 236, 237, 251, 252.

[3] Appellant also contends that it was error to permit Ramsey and one Seaman, witnesses for plaintiff, to testify in relation to conversations with defendant, which took place prior to the purchase of said land by plaintiff, and during which conversations defendant stated that he had no interest in said land, but only claimed an interest in some fixtures thereon. We are of the opinion that this was proper evidence and an admission against interest derogatory to defendant's alleged title. The general rule seems to be that the admissions or disserving declarations of a party to the record are receivable in evidence against him whenever, wherever, however, and to whomsoever made. 2 Am. & Eng. Ency. Pl. & Pr. p. 17; 1 Ency. of Ev. pp. 383, 508; Brown v. Mathews, 79 Ga. 1, 4 S. E. 13; Secor v. Pestana, 37 Ill. 525; Jones, Ev. §§ 235, 236, 237, 251, 252; Wigmore Ev. §§ 1057, 1457-1469.

[4] Appellant further contends that it was error to permit said witnesses Ramsey and Seaman to testify to conversations with plaintiff wherein they informed him of the statements made to them by defendant, and which conversations with plaintiff took place prior to the said purchase by him. We are of the view that the admission in evidence of these conversations with plaintiff constituted error. The evident purpose in offering these conversations with plaintiff was as a basis for the estoppel pleaded by plaintiff. While the said statements of defendant in derogation of his title, made to Ramsey and Seaman, were proper evidence against defendant in relation to his claim of title under the alleged unrecorded deed, still these statements against interest under the circumstances of this case would constitute no basis for the estoppel pleaded by plaintiff, and consequently were immaterial and hearsay on the estoppel issue, and it was immaterial whether or not plaintiff had knowledge of such statements against interest at the time he purchased as he could not legally rely for the purpose of estoppel, upon the said statements against interest made to third persons. The prevailing rule, as applicable to circumstances similar to those in this case, seems to be that such admissions, when made to a third party, will not constitute the basis of an estoppel on behalf of one not connected with the making of such admissions, and to whom they were not made, but who merely

heard of them; it not appearing that they were made for the purpose of being acted upon, or with any design or intention that they should be acted upon by the person claiming such estoppel. Kinney v. Whiton, 44 Conn. 262, 26 Am. Rep. 462; Brickley v. Edwards, 131 Ind. 3, 30 N. E. 708; Mayenborg v. Haynes, 50 N. Y. 675; Harvey v. West, 87 Ga. 553, 13 S. E. 693; Moore v. Boyd, 74 Cal. 167, 15 Pac. 670; Bigelow on Estoppel, p. 630; 11 Am. & Eng. Ency. p. 439; Wigmore, Ev. § 1057; Simonson v. Aney, 26 S. D. 121, 128 N. W. 319. There is nothing in this case connecting plaintiff with the making of said statements against interest. Neither is there anything in this case tending to show that defendant at the time he is claimed by these witnesses to have made such statements, had any knowledge, design, or intent that they would or should be acted upon by plaintiff. We are not unmindful of the rule that, where an admission or declaration against interest, made to third parties, is so general in its terms, or made under such circumstances as to indicate that it was intended to reach or influence third persons, or the general public, or community at large, it may serve as a basis for estoppel so far as to protect every one who may be presumed to have acted upon it or been governed by it. Brickley v. Edwards, supra. But we are inclined to the view that the case at bar clearly does not fall within the last-mentioned rule. If there was in this case anything to show that at the time defendant is claimed to have made said statement against interest to Ramsey or Seaman, he knew, or had notice in some manner, that plaintiff was a prospective purchaser of said land, and that such statements to said third parties were to be, or were likely to be, relied upon by plaintiff in making such purchase, or if defendant made such statements under such circumstances as would charge him with an intent and knowledge that plaintiff might or would rely and act thereon, then an estoppel might exist based wholly or in part on such declarations made to third parties and communicated by them to plaintiff, as under such circumstances plaintiff would be connected with the making of such declarations; but where it reasonably appears that, at the time the declarations against interest were made, they were intended only for the person to whom addressed, the party making them assumed no obligation to any other person. Kinney v. Whiton, supra.

[5] The admission in evidence of these conversations with

plaintiff, whereby he was informed as to the statements made to third parties, although error, might not have constituted prejudicial error under proper instructions; but in this case the court, in substance, instructed the jury that, if the evidence shows by a fair preponderance that such statements were made by this defendant to parties who communicated them to Mr. Bliss, or made to Bliss, before he purchased the land, and the defendant either knew or had reasonable grounds for believing that Bliss was a prospective purchaser, then, no matter how good the title of defendant is under this unrecorded deed, he cannot assert it here in court—he is estopped from asserting it here. This instruction was excepted to and is now assigned as error. If this instruction had been confined solely to the statements made by defendant to plaintiff, it would have been proper; but it authorized a verdict for plaintiff solely on the statements made to Ramsey and Seaman. Now, there being no evidence that plaintiff was in any manner connected with such statements to Ramsey and Seaman, or that defendant might have had plaintiff in mind at the time he made the same, if in fact he did so make them, and there being no evidence that defendant addressed such declarations to any persons other than Ramsey or Seaman, and there being no evidence to charge defendant with notice, at the time such declarations were made, that plaintiff might, or would be likely to rely thereon, such instruction was erroneous, in so far as it related to said statements and declarations claimed to have been made to Ramsey and Seaman; that portion of such instruction not being based upon evidence sufficient to warrant the same, and which error was prejudicial to defendant.

Other assignments of error are urged in relation to the instructions, which have been examined and considered; but we are of the opinion that no error exists therein, other than as to portions thereof which relate to the said declarations of defendant not made to plaintiff

The judgment and order appealed from are reversed, and the cause remanded for new trial.