NICHOLS & SHEPARD CO., Respondent, v. HORSTAD et al., Appellants.

(146 N. W. 566.)

1. **Evidence—Witnesses—Impeachment—Inconsistent Statements—Time of Conversation.**

On trial of an issue as to whether there was a mistake of law between the parties to a suit concerning the effect of an appeal bond, involving the question whether plaintiff's attorney

knew, when the bond was served upon him, that defendants mistakenly misunderstood the bond to require payment of costs only, **held**, it was error to exclude evidence of statements of the attorney after service of the bond which showed that at time of service he knew of such mistake of the parties, which statements were inconsistent with his testimony, although conversations with the attorney, after such service, by which he became informed of the mistake, were inadmissible.

**2.   Evidence—Harmless Error—Instructions—Exclusion of Evidence —Cure by Other Evidence.**

Error in exclusion of such testimony was not cured by afterwards permitting the same character of questions to be answered, where the court charged the jury to disregard all conversations concerning the legal effect of the bond, involving statements made after service thereof.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Codington County. Hon. FRANK McNULTY, Judge.

Action by the Nichols & Shepard Company against Johannes Horstad and others, to recover upon an appeal bond. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed and remanded.

*Hanten & Hanten,* and *Case & Case,* for Appellants.

It was competent not only to show conversations that took place prior to the serving of the bond, but conversations that took place with Col. Stover as attorney for Nichols & Shepard Co. after the service of the bond upon him, pertaining to the same subject matter and tending to show his prior knowledge of the intention in giving the bond, and that there was a mistake as to the law and the effect of the bond on the part of those giving the same. Sections 1245, 1249, Civil Code; Section 1207, 2349, Civil Code; Moore v. Copp, 51 Pac. 630; Capelli v. Dandero, 55 Pac. 1057; F. P. Cutting Co. v. Peterson, 127 Pac. 163; Griswold v. Hazard, 141 U. S. 260.

The giving of the instruction complained of, and the elimination of the evidence therein referred to from consideration by the jury, was erroneous.

The court at the trial of the action, and by said instructions, sought to confine the testimony in the case to what was said at the time the bond was served.

Conversation had subsequent to the service of the bond, if there was any conversation at the time the bond was served, was competent to be considered by the jury as tending to substantiate and corroborate the testimony with relation to conversation had at the time of the service of the bond or before that time.

*McFarland & Johnson,* for Respondents.

These particular conversations were incompetent and immaterial. These very conversations, which for a time were ruled out by the Court, were later admitted and testified to by various witnesses.

The court gave the jury proper instructions as to conversations had at times other than at the time of the service of the bond, with attorney for Nichols & Shepard Co.

As to certain alleged conversations and statements had between the witness Loucks and Col. Stover; Stover was asked with reference to this same conversation.

This had reference to a time subsequent to the service of the bond, and was incompetent; and further, under the former decision of this Court in 130 Northwestern Reporter, they were not material, nor competent, being made at a time subsequent to the service of the bond.

As to the testimony of the witness Phelps regarding a conversation between Addison and Stover on April 3, 1905: If there was error in this, it was cured by the testimony of this same witness, who gave the substance of this conversation.

The Court admitted evidence of statements made both prior to and subsequent to the service of the bond, and the same went before the jury under the instructions heretofere mentioned.

The Court also instructed the jury that they should reject and consider as stricken from the record and give no consideration to any evidence in regard to conversations and statements made after the service of the bond. This was strictly in accordance with the law of this case as set out in the former opinion of this Court.

As to certain questions asked of the witness Stover concerning his testimony at the former trial and referring to a certain conversation purporting to have taken place with Perry F. Loucks after the bond in question had been served: These

questions were in the nature of impeachment, but clearly were not on a material issue, as this court held in the former decision in this case in Vol. 130 Northwestern Reporter that any conversations had after the service of the bond were not material.

McCOY, J.    This action was instituted to recover upon an appeal bond, and was before this court upon a former appeal (27 S. D. 262, 130 N. W. 776), and the rule of law announced on that appeal became the law of this case.   Under the former opinion, the issues of fact as to the general validity, force, and effect of said bond are confined to quite a narrow margin. This bond on its face constituted a stay bond; but defendants Addison and Sheldon contend that, at the time they executed said bond, they were advised, believed, and understood that it was only a cost bond, whereby they only obligated themselves to pay the cost of suit, and not to pay the judgment appealed from; and that plaintiff was aware of such understanding and mistake on the part of said defendants at the time of the service of said bond; and plaintiff did not rectify such misunderstanding.    This defense was interposed under section 1207, Civil Code, which provides: "Mistakes of law constitute a mistake within the meaning of this article only when it arises from: 1. A misapprehension of the law by all parties, all supposing that they knew and understood it, and all making substantially the same mistake as to the law; or, 2. A misapprehension of the law by one party, of which the others were aware at the time of contracting, but which they do not rectify."   The plaintiff denied that it was aware of such understanding on the part of defendants Addison and Sheldon, and denied that such bond was served with such misunderstanding on the part of defendants.    This formed the only issue to be tried as to the validity, force, and effect of the bond.

[1] There was a sharp conflict in the testimony as to whether or not plaintiff's attorney, upon whom the bond was served, had knowledge or knew, at the time of the service, that defendants understood and believed they were serving a cost bond only.    There was testimony offered and received on the part of defendants tending to show that, at the time the bond was served, and prior thereto, the attorneys for defendants

and defendant Addison himself informed said attorney for plaintiff that defendants intended to give a cost bond only, and that said bond was so served as and for a cost bond only. All this testimony offered by defendant was denied by plaintiff's said attorney. Plaintiff's said attorney testified that said bond was served upon him in the office of the attorneys for defendants on April 3, 1905, and that immediately upon leaving the office of said attorneys he went into the office of one Loucks, upon the same floor. On cross-examination, said attorney was asked the question: "Did you not state when you came into the office of Loucks, having at that time a copy of the undertaking in your hand, and showing it to Loucks, and made this statement, 'The Case outfit [referring to defendant's said attorney] say they are serving a cost bond?'" and the witness answered: "I don't remember that at all. I think I stated that I thought it was a stay bond." Loucks was called as a witness on the part of defendants, and, after his attention had been called to the time, place, and circumstance, testified that at said time said attorney for plaintiff came into his office with a copy of said appeal bond in his possession; and witness Loucks was then asked the question: "Did he at that time place the copy that he had in his hand upon the table, make reference thereto, and state: 'The Case outfit say they are serving a cost bond?'" To this question plaintiff objected as irrelevant, incompetent, and immaterial and not a proper impeaching question, and not binding on plaintiff, and relating to a time subsequent to the service of the bond. The objection was sustained, and defendant excepted. The said attorney for plaintiff on cross-examination was also asked the following question: "Is it not a fact that at the former trial you admitted you made the statement to Loucks, 'The Case outfit think or say that they are serving a cost bond?'" To which question plaintiff objected on the ground, among others, that the same is not proper impeachment, and related to a time subsequent to the serving of the bond. The objection was sustained, and defendant excepted. Objections on like ground were also sustained to numerous other questions of like import relating to alleged conversations had with other parties by said attorney for plaintiff, all of which rulings were excepted to by defendants. Some questions of like import

relating to conversations of the same character were permitted to be answered.

The trial court instructed the jury as follows: "The jury are instructed, as a matter of law, that all conversations or statements made by either party or any witness who has testified in regard to the legal effect of this bond made after the service of such bond is immaterial, and not binding upon plaintiff in this action, and should be disregarded by you; but, there being a dispute in the evidence as to the time when this bond was served, the court has permitted this evidence to go to you, however, to be considered by you, or rejected and not considered by you in accordance as you find the time of the service of the bond." To which instructions the defendants excepted. These various rulings upon evidence and this instruction of the court are now assigned as error. It is evident that the learned trial court was of the view that any and all conversations relating to the nature, force, and effect of said bond, made after the service thereof, were immaterial, and not binding upon plaintiff. This view was correct as applied to conversations and statements made, by which the said attorney for plaintiff became informed or was made aware of the intention or understanding of defendants as to the character and effect of the bond they were serving; the vital point of this part of the issue being: Was such attorney for plaintiff aware, at the time of the service of said bond, that defendants were mistaken in relation to the effect of the bond they were serving? Of necessity, any conversation through which he may have received advice or been made aware of such mistake on the part of defendants must have occurred at or prior to the service of the bond, and testimony, therefore, as to advice or knowledge received by such attorney after such service would be immaterial. But any statements made by said attorney for plaintiff himself, during conversations, tending to show that, at the time the bond was served, he did, as a matter of fact, know and was aware of the intentions of defendants, and was advised and aware of the mistake they were making, and which had a tendency to impeach, discredit, or was in conflict with his testimony given on the trial in relation thereto, were material and proper evidence to be taken into consideration by the jury in determin-

ing what weight and credit should be given to the testimony of such attorney, no matter when such statements were made. Bliss v. Waterbury, 145 N. W. 435. 33 S. D. 214. The evidence apparently sought to be brought out by the said question to the witness Loucks, to which objection was sustained, had a tendency to show that said attorney for plaintiff did know and was advised and aware of the mistake alleged by defendants at the time of the service of the bond, and was in conflict with his former testimony given on his examination in chief. The same is true of the question propounded to said attorney on cross-examination.

[2] It contended by respondent that the error, if any, in sustaining said objections was cured by the court afterwards permitting the same character of questions to be answered; but this contention does not apply to the objection sustained to the proposed testimony of the witness Loucks, or to the cross-examination of plaintiff's attorney; and this contention is wholly untenable as to any of the conversations of said attorney, apparently in conflict with his former testimony given on his examination in chief, in view of the instruction given, which, in substance, directed the jury not to consider any conversation that took place after the service of the bond. This instruction, as applied to conversations containing statements made by plaintiff's attorney tending to show conflict with his testimony given on this trial, was clearly misleading and erroneous. We hold that it was prejudicial error to sustain objections to evidence tending to contradict the testimony of plaintiff's attorney, and tending to show that he did, as a matter of fact, know and was aware of defendant's' alleged mistake at the time of the service of the bond, although such evidence was contained in conversations which took place after such service. Some contention is made that the former opinion in this case authorizes the exclusion of such testimony as that proposed to be given by the witness Loucks; but a careful reading of that opinion will not justfy the contention. The reference therein made to subsequent conversations only referred to conversations by or through which plaintiff was advised and was made aware of the understanding of defendants, and had no reference to impeaching or discrediting testimony.

The judgment and order appealed from are reversed, and the cause remanded for new trial.